UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| BRIAN N. LONDO | CIVIL ACTION NO. 06-2087 |
| VS. | JUDGE MELANÇON |
| LINDA S. MCMAHON<br>ACTING COMMISSIONER<br>OF SOCIAL SECURITY | MAGISTRATE JUDGE METHVIN |

*RULING ON MOTION TO SET ATTORNEY'S FEES*
*(Rec. Doc. 10)*

Before the court is the motion for award of attorneys' fees filed by Bradley G. Frizzell, counsel for social security claimant Brian Londo (Rec. Doc. 10). The Commissioner opposes the motion (Rec. Doc. 12).

Londo began receiving disability in September 1990, at age 11, based upon a finding that his mild mental retardation met the requirements of § 12.05D of Appendix 1. A benefits review in 1998 concluded that Londo was still disabled. Another review in 2002 concluded that Londo was no longer disabled because of medical improvement in his condition. Londo appealed. The Appeals Council denied review making the decision final.

On November 7, 2006, Londo filed a complaint in this court. On February 27, 2008, the undersigned issued a report recommending that Commissioner's decision be reversed.[1] Judge Melançon issued a Judgment reversing the Commissioner's decision on March 27, 2008.[2]

Five months later, on August 25, 2008, Frizzell filed the instant motion, seeking attorneys fees. Frizzell has not designated the provision under which he seeks fees. He alleges that he

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 9.

entered into a contingency fee agreement with Londo, pursuant to which Londo agreed to pay Frizzell 25% of all past due benefits awarded to him, i.e. not to exceed $5,300.00. Frizzell estimates Londo's back pay to be $13,266.00. Frizzell requests fees of $3,316.50 and seeks costs in the amount of $439.29.

An attorney seeking an award of fees in a Social Security case may pursue either or both of two methods: (1) petitioning the Court for an award of reasonable attorney's fees under Title 42 U.S.C. § 406(b), or (2) moving for an award of fees under the Equal Access to Justice Act ("EAJA"), Title 28 U.S.C. § 2412(d). *See* Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), *abrogated on other grounds in* Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001). An "award under § 406(b) of the Social Security Act merely allows the claimant's attorney to collect his or her fee out of the claimant's past-due disability benefits, while the EAJA award is paid by the government to the claimant to defray the cost of legal services." Id. While an attorney may properly seek fees under both statutes, dual fee awards are proper only as long as the attorney gives the smaller of the two awards to his client. *See* Pub. L. No. 99-80 § 3, 99 Stat. 183, August 5, 1985, *amending* Pub. L. No. 96-481 § 206; Russell, 930 F.2d at 1446.

### *Summary of the Commissioner's Arguments*

The Commissioner objects that Frizell has not designated the statutory provision under which he seeks attorneys fees; and Frizell's petition is untimely under either the EAJA act or §406. The Commissioner also argues, should the court find the motion to be timely, that Frizell failed to support his motion with either evidence of the amount of Londo's past due benefits or evidence of the time Frizell spent on the case. Because of this failure, the Commissioner argues

that the court cannot determine whether his request is reasonable or whether the amount requested exceeds the statutory cap under § 406.

### *42 U.S.C. § 406(b)*

Because Frizzell seeks a percentage of Londo's past benefits in payment of his fees, the undersigned presumes that his request is made under §406(b).

Section 406(b) does not provide a specific time period for filing the request for attorney's fees, however, the Fifth Circuit has ruled that the time limit for attorney's fees applications under §406(b) is governed by Federal Rule of Civil Procedure Rule 54(d), i.e., the motion must be filed no later than 14 days after entry of judgment. Pierce v. Barnhart, 440 F.3d 657 (5th Cir. 2006).[3]

Here, Frizell filed his application for fees nearly five months after the entry of judgment. Further, Frizell has failed support his motion with any evidence whether or not Londo has received a NOA, nor has he addressed in any fashion the arguments raised by the Commissioner, other than submitting an affidavit of his attorneys fees on October 28 with no explanation.

The motion is clearly untimely, and counsel offers no explanation for the delay. Accordingly, the undersigned finds that Frizzell's motion, as interpreted under 42 U.S.C. §406(b) is untimely.

### **EAJA**

Pursuant to Title 28 U.S.C.A. § 2412(d)(1)(B):

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other

---

[3] Prior to issuing a ruling on a motion for 406(b) fees, however, the court is required to review the Notice of Award issued by the Commissioner, wherein the past-due benefits are calculated as well as the 25% of past-due benefits to be withheld for any attorney's fees sought. Courts other than the Fifth Circuit have held, therefore, that "[u]nder the Rule 54(d) approach, the 14-day clock would be tolled until the Commissioner issues the NOA. Garland v. Astrue, 492 F.Supp.2d 216, 220 (E.D.N.Y.2007).

expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, . . ..

An award of attorney fees against the United States under the EAJA is not proper until the underlying judgment is final and not appealable, that is, until sixty days after entry of the judgment. *See* 28 U.S.C. § 2412(d)(2)(G); 28 U.S.C. § 2107; Melkonyan v. Sullivan, 501 U.S. 89, 96, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

Here, the court's final judgment reversing the decision of the Commissioner was entered on March 27, 2008 (Rec. Doc. 9). Pursuant to 28 U.S.C. § 2412(d)(2)(G), the judgment in this case became final on May 26, 2008. Frizell had until June 25, 2008 to file his application but he did not file it until August 25, 2008, two months later. To the extent that Frizell's application can be construed to be under the EAJA, the undersigned finds that it is clearly untimely.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Set Attorney Fees is **DENIED AS UNTIMELY**.

Signed at Lafayette, Louisiana, on January 12, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)